Mr. Barry Emigh 1104 Seventh Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments. See, e.g., Ops. Att'y Gen. Nos. 2000-314, -281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120.
You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 POPULAR NAME TRUST FUND USING THE FOOD TAX FOR PAYMENT OF CANVASSERS, SPONSOR, SCHOLARSHIPS, TEACHER PAY AND TEACHER'S RETIREMENT FUND BEFORE ABOLISHING SAID TAX
 BALLOT TITLE AMENDMENT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSIONS AS NOTED HEREIN; PROVIDING FOR THE DEPOSIT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS IN THE INITIATED PUBLIC EDUCATIONAL TRUST FUND, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, BEGINNING ON THE 31ST DAY FROM THE DATE OF NOVEMBER 5TH 2002, AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH FUNDS IN THE TRUST FUND; CREATING THE "INITIATED PUBLIC EDUCATIONAL TRUST FUND" SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. SECTION 19-4-803 TO EXEMPT THE "INITIATED PUBLIC EDUCATIONAL TRUST FUND" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE INITIATED PUBLIC EDUCATIONAL TRUST FUND MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE INITIATED PUBLIC EDUCATIONAL TRUST FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. SECTIONS 24-3-408, -414, -415, -417 TO -425 AND A.C.A. SECTION 19-3-518; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE INITIATED PUBLIC EDUCATIONAL TRUST FUND, AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 40% OF THE PRINCIPAL AMOUNT OF DEPOSITS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND BEGINNING ON THE 31ST DAY FROM THE DATE OF NOVEMBER 5TH 2002 AND ENDING ON THE FIRST TUESDAY OF JUNE 2003 TO BE DIVIDED BY THE NUMBER OF REGISTERED VOTER'S SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE REGULAR GENERAL ELECTION BALLOT WITH EACH SIGNATURE WORTH AN EQUAL AMOUNT; WHEREBY, EACH CANVASSER SHALL RECEIVE A PAYMENT FOR EACH REGISTERED VOTER'S SIGNATURE THE CANVASSER HAS OBTAINED THAT HAS BEEN COUNTED AS VALID REGISTERED VOTER BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT WITH EXCEPTION OF EXCLUSION AS PROVIDED HEREIN; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 10% OF THE PRINCIPAL AMOUNT OF DEPOSITS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND BEGINNING ON THE 31ST DAY FROM THE DATE OF NOVEMBER 5TH 2002 AND ENDING ON THE FIRST TUESDAY OF JUNE 2003 TO BE PAID TO THE SPONSOR OF THIS AMENDMENT; REQUIRING THE STATE BOARD OF FINANCE TO MAKE SUCH AMOUNTS PAYABLE FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND TO THE CANVASSERS AND THE SPONSOR OF THIS AMENDMENT WITHIN 30 WORKING DAYS FROM THE DATE OF THE FIRST TUESDAY OF JUNE 2003; PROVIDING NO PAYMENT SHALL BE MADE FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND BY THE STATE BOARD OF FINANCE TO ANY PERSON FOR THEIR SIGNATURE ON ANY PETITION AS A PETITIONER WITH THEIR SIGNATURE AS A CANVASSER; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 30% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND FOR THE FULL TUITION PAYMENTS OF QUALIFIED PERSONS DIRECTLY TO ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE WITHIN THE STATE; AUTHORIZIING (SIC) THE STATE BOARD OF FINANCE TO PROVIDE AN EQUITABLE MANNER BY WHICH TO DISTRIBUTE THE 30% OF THE INVESTMENT EARNINGS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND OVER A 12 MONTH PERIOD OF TIME FOR ANY NUMBER OF CLASS SESSIONS WITHIN THAT 12 MONTHS FOR THE FULL TUITION PAYMENT OF QUALIFIED PERSONS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 18% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND TO BE DIVIDED BY THE TOTAL NUMBER OF ALL TEACHERS EMPLOYED BY ANY PUBLICLY FUNDED INSTITUTE OF EDUCATION WITHIN THE STATE; WHEREBY, EACH TEACHER HAVING BEEN EMPLOYED THE PREVIOUS 12 MONTHS SHALL RECEIVE AN EQUAL PAYMENT; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 2% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND TO THE TEACHER'S RETIREMENT FUND; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE FUNDS FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND TO THE TEACHER'S RETIREMENT FUND AND TEACHERS WITHIN 30 WORKING DAYS FROM THE DATE OF THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR; AUTHORIZING THE STATE BOARD OF FINANCE TO PROVIDE A CONVENIENT TIME FOR PERSONS TO SUBMIT AN APPLICATION TO THE STATE BOARD OF FINANCE FOR QULAIFIED (SIC) PERSONS TO RECEIVE TUITION PAYMENT FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND WITH SUCH PAYMENTS BEING MADE IN A TIMELY MANNER DIRECTLY TO THE UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE; REQUIRING THE APPLICATION TO THE STATE BOARD OF FINANCE TO STATE THE FULL AMOUNT OF TUITION COST FOR THE CHOSEN UNIVERISITY (SIC), COLLEGE OR COMMUNITY COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS OR SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL AND THE INDIVIDUAL'S TOTAL GROSS EARNED INCOME FROM THE PREVIOUS YEAR OR THE JOINT TOTAL GROSS EARNED INCOME FROM THE PREVIOUS YEAR FOR A MARRIED COUPLE; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE FULL TUITION PAYMENT FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND DIRECTLY TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE, FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF THE FULL TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR'S GROSS EARNED INCOME OR THE JOINT PREVIOUS YEAR'S GROSS EARNED INCOME FOR A MARRIED COUPLE; PROVIDING NO PAYMENT SHALL BE MADE TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR ANY PERSON TO RETAKE A FAILED CLASS; EXEMPTING ANY PAYMENT MADE FROM THE INITIATED PUBLIC EDUCATIONAL TRUST FUND BY THE STATE BOARD OF FINANCE TO ANY TEACHER, THE TEACHER'S RETIREMENT FUND, THE CANVASSERS AND SPONSOR OF THIS AMENDMENT FROM ANY, AND ALL, STATE TAXES; REQUIRING RE-DEPOSIT OF INVESTMENT EARNINGS IN THE INITIATED PUBLIC EDUCATIONAL TRUST FUND NOT USED FOR THE PURPOSES HEREIN STATED; REQUIRING THE STATE BOARD OF FINANCE TO AUDIT THE BOOKS OF THE INITIATED EDUCATIONAL TRUST FUND ANNUALLY, AND AUTHORIZING THE EXEMPTION OF FOOD ITEMS FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX WHEN 50% OF THE PREVIOUS ANNUAL EARNED INTEREST OF THE INITIATED PUBLIC EDUCATIONAL TRUST FUND EXCEEDS, BY ANY AMOUNT, THE PREVIOUS ANNUAL DEPOSIT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT", AND SHALL NOT AFFECT ANY ITEMS EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" AFTER VOTER APPROVAL OF THIS AMENDMENT; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
Mr. Emigh, I recognize your laudable zeal to bring about legal reform. Nevertheless, I regret that I must again reject your proposed popular name and ballot title. Your proposed measure contains fundamental and recurring ambiguities in both its form and its substance that render it incapable of being summarized in a ballot title that accurately and fairly reflects the contents of the measure. See, e.g., Ops. Att'y Gen. Nos. 2000-314, -281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120. The problems that I find troubling include issues such as ambiguity in the authority and mechanism for controlling the fund that is created by the measure; ambiguity in the guidelines for expenditure of the fund; undefined terms, such as "authority," "principal amount of deposit," "state tax"; ambiguity in audit authority; ambiguity in exceptions to the measure; and references to sections that do not exist. Problems of this nature, in addition to simple grammatical and syntactical problems, have persisted despite the fact that I have spent a considerable amount of time in analyzing them in my rejection letters to you. I find that any further analysis of your proposed measure would not only be futile, but would go beyond the bounds of the Attorney General's appropriate role in reviewing proposed popular names and ballot titles. I must therefore reject your proposed popular name and ballot title. If you are aggrieved at my action in this regard, you have the right, by petition, to apply to the Arkansas Supreme Court for proper relief. See A.C.A. § 7-9-107(d) (Repl. 2000).
Sincerely,
MARK PRYOR Attorney General